UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| ZACH HILLESHEIM,<br><br>*Plaintiff*,<br><br>v.<br><br>JENSEN TIRE CO.; RUSSELL L. BLOCK, in his capacity as trustee of the RUSSELL L. BLOCK AND JUDITH N. KEEP REVOCABLE TRUST UTA DATED AUGUST 9, 2002; and NELSEN DOWNTOWN PROPERTIES, LLC,<br><br>*Defendants* | Case No. _____<br><br>**COMPLAINT**<br><br>**Injunctive Relief Sought** |

Plaintiff Zach Hillesheim, by and through the undersigned counsel, brings this action against Jensen Tire Co., a Nebraska business corporation, Russell L. Block, in his capacity as trustee of the Russell L. Block and Judith N. Keep Revocable Trust UTA dated August 9, 2002, and Nelsen Downtown Properties, LLC, a Nebraska limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities.

2. Defendants own and operate the automobile repair shop known as "Jensen Tire & Auto", which to the extent it was constructed and first occupied after January 26,

1993 or was altered after January 26, 1993 was required to be designed and constructed to be readily accessible to persons with disabilities. To the extent "Jensen Tire & Auto" was not constructed or altered before January 26, 1993, Defendants were required to remove barriers to access to the extent barrier removal was readily achievable. "Jensen Tire & Auto" contains architectural barriers to accessibility.

3. The violations alleged in this complaint occurred at "Jensen Tire & Auto", located at 2010 Harney Street, Omaha, NE 68102.

4. Defendants' failure to provide equal access to "Jensen Tire & Auto" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

5. Defendants' conduct constitutes an ongoing and continuous violation of the law.

6. Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the relevant requirements of the ADA.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

8. Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to

personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

9. Plaintiff Zach Hillesheim is a resident of the city of Omaha, Nebraska.

10. Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 *et seq*.

11. Plaintiff Hillesheim was paralyzed as an infant while undergoing surgery to address a congenital heart defect. During the surgery, his spine was severed, paralyzing him below the waist. Mr. Hillesheim cannot walk and uses a wheelchair for mobility. As a person with a disability, Mr. Hillesheim has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

12. Defendant Jensen Tire Co., an Nebraska business corporation, is the operator and lessee of the real property and improvements which are the subject of this action, the automobile repair shop known as "Jensen Tire & Auto", a place of public accommodation within the meaning of the ADA, located at the street address of 2010 Harney Street, Omaha, NE 68102.

13. Defendants Russell L. Block, in his capacity as trustee of the Russell L. Block and Judith N. Keep Revocable Trust UTA dated August 9, 2002; and Nelsen Downtown Properties, LLC, a Nebraska limited liability company, are the owners and lessors of the real property and improvements which are the subject of this action, the automobile repair shop known as "Jensen Tire & Auto", a place of public accommodation

within the meaning of the ADA, located at the street address of 2010 Harney Street, Omaha, NE 68102.

## FACTUAL BACKGROUND

14. On March 13, 2018 Plaintiff Hillesheim attempted to patronize the automobile repair shop known as "Jensen Tire & Auto" in Omaha, Nebraska. Plaintiff went to "Jensen Tire & Auto" to have them perform repairs on his car.

15. When Plaintiff drove to "Jensen Tire & Auto" he found 25 total parking spaces in the customer parking lot and 0 parking spaces reserved for persons with disabilities, including van parking spaces.

16. Inside "Jensen Tire & Auto", Plaintiff found no portion of the sales counter positioned at a height appropriate for wheelchair users.

17. Images in Exhibit A to this Complaint depict the sales counter at the time Plaintiff visited.

18. The doorways to the customer restrooms at "Jensen Tire & Auto" were too narrow for effective, safe use by wheelchair users.

19. The customer restrooms also lacked grab bars along the rear and side wall that would allow wheelchair users to make a transfer from the wheelchair to the toilet.

20. Additionally, the customer restrooms did not have sufficient clearance to maneuver a wheelchair.

21. Because of the narrow entry to the bathroom Plaintiff Hillesheim was unable to observe whether the restroom lacked other accessible features.

22. Photographs in Exhibit B to this Complaint depict the "Jensen Tire & Auto" customer restroom at the time of Plaintiff's visit.

23. In light of the architectural barriers at "Jensen Tire & Auto", Plaintiff Hillesheim is deterred from visiting "Jensen Tire & Auto" in the future. Plaintiff Hillesheim

intends to return to "Jensen Tire & Auto", but these architectural barriers deter him from doing so. He plans to return and patronize "Jensen Tire & Auto" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

24. Plaintiff Hillesheim is a resident of Omaha, Nebraska, and he plans to continue visiting local Omaha businesses in the future. He would enjoy being able to patronize "Jensen Tire & Auto" if he needs car repairs again in the future.

25. Plaintiff Hillesheim attempted to access Defendants' premises but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA, Plaintiff Hillesheim cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

26. On July 26, 1990, President George H.W. Bush signed into law the ADA, 42 U.S.C. § 12101, *et seq.*, a comprehensive civil rights law prohibiting discrimination on the basis of disability. In its findings, Congress determined that, among other things:

   a. Some 43 million Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole grows older;

   b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, discrimination against individuals with disabilities continues to be a serious and pervasive social problem;

   c. Discrimination against individuals with disabilities persists in such critical areas as employment, public housing accommodations, education, transpor-

tation, communication, recreation, institutionalization, health services, voting, and access to public services;

d. Individuals with disabilities continually encounter various forms of discrimination; and

e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our society is justly famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1)–(3), (5), (9).

27. Congress explicitly stated that the purpose of the ADA was to:

a. Provide a clear and comprehensive mandate for the elimination of discrimination against individuals with disabilities;

b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

c. Invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by individuals with disabilities.

42 U.S.C. § 12101(b)(1), (2), (4).

28. Title III of the ADA prohibits discrimination in the activities and facilities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181–89.

29. The ADA provided places of public accommodation one and one half years from its enactment to implement its requirements. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 2181; 28 C.F.R. § 36.508(a).

30. Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice ("DOJ") promulgated federal regulations to implement the requirements of Title III of the ADA, which are codified at 28 C.F.R. Part 36. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. Part 36) contains the ADA Standards for Accessible Design, which were based upon the ADA Accessibility Guidelines ("1991 ADAAG") published by the Access Board on the same date. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*; 28 C.F.R. § 36.508(a).

31. In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

32. In 1999, based largely upon the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise the 1991 ADAAG.

33. The Access Board issued final publication of revisions to the 1991 ADAAG on July 3, 2004.

34. On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG revisions.

35. On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

36. The extended process of revising the 1991 ADAAG culminated with the DOJ's issuance of the 2010 Standards for Accessible Design ("2010 Standards"). The 2010 Standards incorporated the revised 2004 ADA Accessibility Guidelines ("ADAAG"), as well as the requirements contained in subpart D of 28 C.F.R. Part 36. The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards became effective on March 15, 2011.

### FACTUAL ALLEGATIONS

37. Defendants have discriminated against Plaintiff on the basis of his disabilities by failing to comply with the requirements of the ADA and the ADAAG with regard to "Jensen Tire & Auto". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Jensen Tire & Auto" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

    a. "Jensen Tire & Auto" had 25 total parking spaces but had 0 parking spaces reserved for persons with disabilities, in violation of ADAAG 208.2. Plaintiff uses a wheelchair for mobility and requires compliant accessible parking to park and transfer to his wheelchair safely.

    b. "Jensen Tire & Auto" had 0 van parking spaces, in violation of ADAAG 208.2.4 and 502.

    c. The "Jensen Tire & Auto" service counter had no section no taller than 36 inches above the ground, in violation of ADAAG 227.1 and 904.4. Plaintiff

        uses a wheelchair for mobility and requires an accessible service counter to make an independent transaction.

    d. The doorway to the "Jensen Tire & Auto" restroom was narrower than 32 inches, in violation of ADAAG 206.2.2 and 404.2.3. Plaintiff uses a wheelchair for mobility and requires doorways with a width that accommodates wheelchairs.

    e. The "Jensen Tire & Auto" restroom did not have grab bars on the side and rear walls, in violation of ADAAG 213.2 and 604.3. Plaintiff requires grab bars to make a safe transfer between his wheelchair and a toilet.

    f. The "Jensen Tire & Auto" restroom lacked 56-inch by 60-inch clearance around the toilet, in violation of ADAAG 604.3. Plaintiff requires clearance to make an approach to the toilet for a safe transfer from his wheelchair.

38. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "Jensen Tire & Auto". To qualify as an accessible parking structure, and for a parking space to qualify an accessible parking space, the space must be located on an accessible route, the route must be the shortest accessible route, the space must be marked by appropriate signage, the space must be flanked by an access aisle, and the space and access aisle must comply with sloping requirements. ADAAG 206; 208; 216, Chapter 4 including but not limited to 402, 403, 404, 405, and 406; and 502.

39. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Jensen Tire & Auto" in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG.

40. Compliance with the ADA standards, and the ADAAG is required by 42 U.S.C §§ 12182 and 12183 to the extent the facility was designed and constructed or al-

tered after January 26, 1993, and the violations to the ADAAG requirements are not a result of compliance being structurally impracticable. 28 C.F.R § 36.401(a)(1).

41. In the alternative, to the extent any architectural elements were constructed prior to that date, compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

42. Compliance is also readily achievable due to the significant assistance available to businesses. Section 44 of the IRS Code allows a Disabled Access tax credit for small businesses with 30 or fewer full-time employees or with total revenues of $1 million or less, which is intended to offset the cost of undertaking barrier removal and alterations to improve accessibility. Section 190 of the IRS Code provides a tax deduction for businesses of all sizes for costs incurred in removing architectural barriers, up to $15,000. *See* ADA Update: A Primer for Small Business, http://www.ada.gov/regs2010/smallbusiness/smallbusprimer2010.htm#tax (Mar. 16, 2011).

43. As a person with a disability, Plaintiff Hillesheim has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

44. Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be unable to inde-

pendently access "Jensen Tire & Auto" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

45. Plaintiff incorporates and realleges the above paragraphs.

46. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

47. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

48. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Hillesheim has been denied full and equal access to "Jensen Tire & Auto" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

49. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

50. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Hillesheim, even though removing the barriers was required and is readily achievable.

51. Plaintiff Hillesheim plans to visit "Jensen Tire & Auto" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Jensen Tire & Auto" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

52. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "Jensen Tire & Auto" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Jensen Tire & Auto" until such time as Defendants cure the access barriers.

53. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

  a. Plaintiff demands a trial in Omaha, Nebraska.

  b. That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of

      Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

c. That the Court award nominal damages.

d. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a), enjoining Defendants from continuing their discriminatory practices; including an order directing Defendants to remove all barriers to the maximum extent feasible or in the alternative make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

e. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505, or as otherwise provided by law; and

f. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED:  March 26, 2018

        /s/ Padraigin L. Browne
        Padraigin L. Browne (MN Bar # 389962)
        Browne Law LLC
        8530 Eagle Point Blvd, suite 100
        Lake Elmo, MN 55042
        E-mail: paddy@brownelawllc.com
        Phone: (612) 293-4805